UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 16-21266-CV-COOKE/TORRES

FONDO DE PROTECCION SOCIAL
DE LOS DEPOSITOS BANCARIOS, as
liquidator/receiver for BANCO CANARIAS
DE VENEZUELA, C.A., a Venezuelan corporation,
and CREDICAN, S.A., a Venezuelan corporation,

      Plaintiffs,

vs.

DIAZ REUS & TARG, LLP,

      Defendant.
_____/

## MOTION TO WITHDRAW AS COUNSEL

Homer Bonner Jacobs, P.A. and its attorneys (collectively, "HBJ") hereby moves the Court, pursuant to Local Rule 11.1(d)(3), for leave to withdraw as counsel of record for Plaintiff Fondo de Proteccion Social de Los Depositos Bancarios ("FOGADE") in this action. As explained below, HBJ's withdrawal is mandatory pursuant to Rule 4-1.6(a) of the Florida Rules of Professional Conduct:

1.    From the inception of this case, HBJ has diligently and zealously represented FOGADE's rights and interests in accordance with all applicable professional obligations and the rules and orders of this Court.

2.    Unfortunately, FOGADE's lack of communication with HBJ has hindered HBJ's ability to represent FOGADE's interests as required by Rule 4-1.4 of the Florida Rules of

Professional Conduct. Over the last several months, FOGADE has failed to respond sufficiently to HBJ's repeated attempts to communicate with FOGADE via telephone, email, and international overnight courier regarding this case. Thus, HBJ has been unable to communicate with FOGADE in any meaningful way regarding discovery, mediation, and overall strategy.

3. FOGADE's lack of communication may stem from the civil unrest that has plagued Venezuela over the last few months,[1] culminating in last weekend's election of a new Constitutional Assembly, which has decreed itself superior to all other branches of the Venezuelan Government[2] and the failed attack on a Venezuelan Military base.[3]

4. FOGADE's failure to communicate precludes HBJ from prosecuting this matter on FOGADE's behalf in a manner consistent with the Florida Rules of Professional Conduct. Consequently, HBJ is required to withdraw pursuant to Rule 4-1.16(a)(1) of the Florida Rules of Professional Conduct.

---

[1] As explained in FOGADE's Motion to Extend Deadlines, for that past four months, violent protests have taken place in front of FOGADE's office building, limiting its employees' access. ECF No. 106 at 5-6. Moreover, Venezuela is currently plagued by violent crime, blackouts, telephone and internet interruptions, and government-mandated office closures. *Id.*

[2] *See* Joshua Goodman and Fabiola Sanchez, *New Venezuela Assembly Declares Itself Superior to All Other Branches of Government*, Time, Aug. 8, 2017, available at: http://time.com/4892727/venezuela-nicolas-maduro-assembly-superior/.

[3] *See* Nicholas Casey, *Military Base Attacked in Venezuela as Video Calls for Rebellion*, N.Y. Times, Aug. 6, 2017, available at: https://www.nytimes.com/2017/08/06/world/americas/venezuela-nicholas-maduro-military-base-attacked.html?_r=0.

5. In addition, FOGADE has insisted on taking actions with respect to this litigation for which HBJ has fundamental disagreement. Consequently, HBJ is obligated to withdraw as counsel pursuant to Florida Rule of Professional Conduct 4-1.16(b)(2).

6. Pursuant to Local Rule 11.1(d)(3), on August 8, 2017, HBJ has informed FOGADE, of its intention to move to withdraw as counsel in this proceeding.[4] And on August 21, 2017, HBJ advised counsel for the Defendant the same. Counsel for Defendant asked that HBJ notify the Court its position that

> DRT will not object to HBJ's motion to withdraw, on the following conditions: 1) HBJ is out for good and will never reappear in the case; 2) FOGADE remains bound by all current scheduling deadlines, as well as the current 30(b)(6) notice for the deposition of FOGADE's corporate representative, served on August 8, 2017[5]; and 3) HBJ's withdrawal is without prejudice to DRT's Motion for Rule 11 Sanctions.[6]

Counsel for Defendant has advised that it objects to FOGADE's request for a sixty (60) day stay.

7. FOGADE has not yet obtained new counsel. However, FOGADE may be served through:

---

[4] HBJ did not file this motion on that date based upon a representation that the client would participate in a telephone conference with HBJ on today's date. That telephone conference, however, did not occur.

[5] Counsel for DRT did not confer with HBJ prior to scheduling of the 30(b)(6) deposition for August 30, 2017. If it had done so, counsel for DRT would have learned that HBJ is unavailable on that date, as lead counsel will be out of the country on business. In other words, the 30(b)(6) deposition is not going forward on August 30, 2017, if HBJ were to remain as counsel. Consequently, counsel for DRT's "request" should be viewed for the gamesmanship that it is and be rejected by the Court.

[6] DRT has not filed any Motion for Rule 11 Sanctions, nor is there any basis to do so. In making this Motion, both FOGADE and HBJ reserve their right to file their own motion seeking sanctions pursuant to Rule 11 against DRT and/or their counsel for any subsequent frivolous sanction motion that they may file.

>
> Dr. Edinson J. Barros
> Consultor Juridico
> Edif. FOGADE. Esquina San Jacinto
> Parroquia Catedral
> Caracas, Venezuela 1010
> Email: edinson.barros@fogade.gob.ve

8. This matter is not set for trial until March 5, 2018, and therefore, no prejudice will occur by allowing HBJ to withdraw as counsel for FOGADE.

9. HBJ respectfully asks that FOGADE be granted a reasonable amount of time in which to obtain substitute counsel.  In light of the civil unrest and the current political uncertainty plaguing Venezuela, we respectfully request that the Court afford FOGADE sixty (60) days from the date of this Motion to retain new counsel, and stay any deadlines for the same period.

WHEREFORE, Homer Bonner Jacobs, P.A. respectfully requests that the Court grant its request for leave to withdraw as counsel of record for FOGADE in the above-captioned matter.

Dated: August 22, 2017.

>
> Respectfully submitted:
>
> HOMER BONNER JACOBS
>
> Attorneys for Plaintiff
> 1200 Four Seasons Tower
> 1441 Brickell Avenue
> Miami Florida  33131
> Phone:  (305) 350-5116
> Fax:  (305) 372-2738
>
> By:    s/Adam L. Schwartz
> Luis E. Delgado
> Email: ldelgado@homerbonner.com
> Florida Bar No: 475343
> Adam L. Schwartz
> Email: aschwartz@homerbonner.com

Florida Bar No: 0103163<br>
Andrew Vitali, III<br>
Email: avitali@homerbonner.com<br>
Florida Bar No: 057828

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by in the manner indicated below on August 22, 2017, on all counsel or parties of record on the Service List below.

Lawrence A. Kellogg, Esq.
lak@lklsg.com
Matthew J. McGuane, Esq.
mjm@lklsg.com
**Levine Kellogg Lehman Schneider & Grossman, LLP**
Miami Center, 22nd Floor
201 South Biscayne Boulevard
Miami, Florida 33131

*Attorneys for Defendant*
*Via CM/ECF*

Dr. Edinson J. Barros
Consultor Juridico
Edif. FOGADE. Esquina San Jacinto
Parroquia Catedral
Caracas, Venezuela 1010
Email: edinson.barros@fogade.gob.ve

*General Counsel for Plaintiff FOGADE*
*Via email and FedEx*

  s/Adam L. Schwartz<br>
Adam L. Schwartz