UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21266-Civ-COOKE/TORRES

FONDO DE PROTECCION SOCIAL DE LOS
DEPOSITOS BANCARLOS, *et al.*,

    Plaintiff,

vs.

DIAZ, REUS & TURG, LLP,

    Defendant.
_____/

## ORDER DISMISSING CASE

THIS MATTER is before me on Defendant's Motion for Involuntary Dismissal with Prejudice (ECF No. 114) and the Honorable Edwin G. Torres' Report and Recommendation that the case be dismissed under Federal Rule of Civil Procedure 41 (ECF No. 116). Plaintiff did not respond to Defendant's Motion, nor did it file objections to Judge Torres' Report, and the time to do so has passed. I have reviewed the pertinent portions of the record, and am otherwise fully advised in the premises. For the reasons discussed below, Defendant's Motion for Involuntary Dismissal is granted in part and denied in part and Judge Torres' Report and Recommendation is adopted.

### I. DISCUSSION

On August 22, 2017, Plaintiff's counsel filed a Motion to Withdraw as Counsel (ECF No. 110), citing their inability to communicate effectively with Plaintiff as the reason for withdrawal,[1] along with a fundamental disagreement between Plaintiff and counsel regarding the direction of the litigation. Plaintiff's counsel was granted leave to withdraw on August 25, 2017. *See* Order, ECF No. 113. The Order allowed Plaintiff until September 5, 2017 to obtain new counsel and cautioned that because Plaintiff was a corporate/governmental entity, "failure to retain counsel may provide grounds for the Court to dismiss the action for

---

[1] In their Motion to Withdraw as Counsel, Plaintiff's counsel mentions that the lack of communication "may stem from the civil unrest that has plagued Venezuela over the last few months." ECF No. 110, ¶ 3.

failure to prosecute." *Id.* Plaintiff did not obtain new counsel by the deadline, nor does Plaintiff currently have counsel. On September 6, 2017, Defendant filed its Motion for Involuntary Dismissal with Prejudice (ECF No. 114). Judge Torres issued his Report and Recommendation (ECF No. 116) on September 26, 2017, recommending that the case be dismissed under Rule 41 for Plaintiff's failure to comply with the Order requiring Plaintiff to obtain new counsel (ECF No. 113) and for failure to prosecute.

Federal Rule of Civil Procedure 41(b) "allows a court to dismiss an action if the plaintiff, *inter alia,* fails to comply with a court order." *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853–54 (11th Cir. 2010). However, "a dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (internal quotation marks omitted). In its Motion, Defendant argues that Plaintiff's Complaint should be dismissed *with prejudice*. Defendant urges a finding of contumacious conduct because Plaintiff failed to comply with several Court Orders and has failed to prosecute the case. Defendant points to Plaintiff's failure to comply with the Order of Referral to Mediation (ECF No. 81) and Order requiring new counsel (ECF No. 113), as well as Plaintiff's failure to submit its witness list, submit to deposition, and propound discovery.[2] Defendant also contends that lesser sanctions will not suffice because Plaintiff has "completely" neglected the prosecution of this case. ECF No. 114, p. 8. While I agree that a dismissal of this case is appropriate based on Plaintiff's failure to comply with a Court Order and failure to prosecute, I do not find a dismissal *with prejudice* is warranted on this record.

## II. CONCLUSION

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Dismiss (ECF No. 114) is **GRANTED in part** and **DENIED in part**.

---

[2] I note that while Defendant claims Plaintiff "has conducted no discovery other than serving a request for production of documents on [Defendant] and a third-party subpoena," ECF No. 114, p. 6, Defendant conveniently leaves out Plaintiff's several motions to compel production of documents. *See* ECF Nos. 25, 82, 90.

2

2. Judge Torres' Report and Recommendation (ECF No. 116) is **ADOPTED**.

3. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*.

4. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 4th day of October 2017.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

3